BOWMAN AND BROOKE LLP
Gregory P. Gilmer (SBN: 212067)
H. Franklin Hostetler, III (SBN: 147046)
Carmen L. Ponce (SBN: 221908)
879 West 190th Street, Suite 700
Gardena, CA 90248-4227
Telephone: (310) 768-3068
Facsimile: (310) 719-1019
E-Mail: gregory.gilmer@bowmanandbrooke.com

Attorneys for Defendant NISSAN NORTH AMERICA, INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN ZAMORA,<br><br>          Plaintiff,<br><br>     v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>          Defendant. | CASE NO.: 3:08-CV-01125-BTM-JMA<br><br>Assigned to: Hon. Barry T. Moskowitz<br><br>**ANSWER OF NISSAN NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:   June 24, 2008<br>Trial Date:      None |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

   Defendant Nissan North America, Inc. hereby answers the Complaint filed by Roman Zamora ("Plaintiff") as follows:

### JURISDICTION

   1)   Answering paragraph 1, Nissan North America, Inc. makes no response since the paragraph contains no charging allegations and simply states that the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

/ / /

## PARTIES

2) Answering paragraph 2, Nissan North America, Inc. makes no response since the paragraph contains no charging allegations and simply states that the word "Plaintiff" shall refer to Plaintiff Roman Zamora.

3) Answering paragraph 3, Nissan North America, Inc. makes no response since the paragraph contains no charging allegations and simply states the word "Defendant" shall refer to all Defendants named in the Complaint.

## FIRST CLAIM FOR RELIEF

4) Answering paragraph 4, Nissan North America, Inc. admits that the Plaintiff leased a 2007 Nissan Murano, VIN #JN8AZ08T07W520512, on or about August 5, 2007, that was originally distributed to an authorized Nissan dealer by Nissan North America, Inc. and was thereafter leased by Plaintiff. However, Nissan North America, Inc. denies it was the manufacturer or lessor of this vehicle. As to all other allegations contained in this paragraph, Nissan North America, Inc. does not have sufficient knowledge to admit or deny these allegations, and on that basis denies them.

5) Answering paragraph 5, Nissan North America, Inc. admits that Plaintiff received an express written warranty that accompanied the lease of this vehicle. Nissan North America, Inc. denies, however, that the warranty covers all defects that may develop in the vehicle. Nissan North America, Inc. warrants the vehicle to be free under normal use and service from defects in material and workmanship for a period of thirty-six (36) months or 36,000 miles (whichever comes first) from the date of delivery to the first retail purchaser, and coverage is subject to the terms, conditions and exclusions in the warranty booklet.[1]

---

[1] Nissan North America, Inc. notes that certain parts are warranted for periods shorter and longer than the basic warranty. These specific warranties are described in its warranty booklet.

6) Answering paragraph 6, Nissan North America, Inc. does not have sufficient knowledge to admit or deny these allegations, and on that basis denies them.

7) Answering paragraph 7, Nissan North America, Inc. admits that the sale of this vehicle was accompanied by an implied warranty of merchantability, but denies that such warranty is coextensive with the duration of any express written warranty. Further, Nissan North America, Inc. contends the duration of the implied warranty is governed by California Civil Code § 1795.5(c).

8) Answering paragraph 8, Nissan North America, Inc. admits that in this context, the implied warranty of merchantability means (1) the vehicle will pass without objection in the trade under the contract description, and (2) is fit for its ordinary purpose for which such goods are used, i.e. providing transportation.

9) Answering paragraph 9, Nissan North America, Inc. denies this vehicle contained an unrepaired defect in material or workmanship. As to all other allegations contained in this paragraph, Nissan North America, Inc. does not have sufficient knowledge to admit or deny these allegations, and on that basis denies them.

10) Answering paragraph 10, Nissan North America, Inc. denies that Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the vehicle, and/or has exercised a right to cancel the sale. Nissan North America, Inc. further denies that the filing of this lawsuit rightfully rejected and/or justifiably revoked acceptance of the vehicle, and/or exercised a right to cancel the sale. Nissan North America, Inc. does not have sufficient knowledge to know what Plaintiff seeks or believes, and on that basis denies those allegations as well.

///

11) Answering paragraph 11, Nissan North America, Inc. denies the allegations contained in this paragraph.

12) Answering paragraph 12, Nissan North America, Inc. denies the allegations contained in this paragraph, as it maintains a qualified third party dispute resolution process. Further, Nissan North America, Inc. contends that this process complies with California Civil Code § 1793.22 and 15 U.S.C. § 2310 and the rules and regulations promulgated by the FTC.

## SECOND CAUSE OF ACTION

13) Answering paragraph 13, Nissan North America, Inc. repeats and incorporates by reference paragraphs 4 through 6 and paragraph 10, above.

14) Answering paragraph 14, Nissan North America, Inc. admits that it is a distributor who distributes vehicles to authorized dealers who retail sell and/or lease vehicles to the consuming public. However, Nissan North America, Inc. denies it is the manufacturer or retail seller of this vehicle. Nissan North America, Inc. does not have sufficient knowledge to know what Plaintiff believed at the time of the lease, and on that basis denies each and every other allegation contained in this paragraph.

15) Answering paragraph 15, Nissan North America, Inc. admits that the lease of this vehicle was accompanied by an implied warranty of fitness for a particular purpose. Nissan North America, Inc. further denies that any implied warranty that accompanied the lease is coextensive with the duration of any express written warranty.

16) Answering paragraph 16, Nissan North America, Inc. denies the allegations contained in this paragraph.

///

///

17) Answering paragraph 17, Nissan North America, Inc. denies it failed to comply with its implied warranty obligations and further denies that Plaintiff has been damaged.

18) Answering paragraph 18, Nissan North America, Inc. denies the allegations contained in this paragraph, as it maintains a qualified third party dispute resolution process. Further, Nissan North America, Inc. contends that this process complies with California Civil Code § 1793.22 and 15 U.S.C. § 2310 and the rules and regulations promulgated by the FTC.

### THIRD CAUSE OF ACTION

19) Answering paragraph 19, Nissan North America, Inc. repeats and incorporates by reference paragraphs 4 through 6 and paragraph 10, above.

20) Answering paragraph 20, Nissan North America, Inc. admits that Plaintiff brought this vehicle to a Nissan North America, Inc. repair facility. Nissan North America, Inc. does not have sufficient knowledge to admit or deny whether Plaintiff brought this vehicle to a Nissan dealer within a reasonable time, and on that basis denies. Nissan North America, Inc. denies the remaining allegations contained in this paragraph.

21) Answering paragraph 21, Nissan North America, Inc. denies it failed to comply with its warranty obligations and further denies that Plaintiff has been damaged.

22) Answering paragraph 22, Nissan North America, Inc. admits it was aware of its obligation to repair this vehicle under the express warranty. Nissan North America, Inc. denies the remaining allegations contained in this paragraph.

23) Answering paragraph 23, Nissan North America, Inc. denies the allegations contained in this paragraph, as it maintains a qualified third

party dispute resolution process. Further, Nissan North America, Inc. contends that this process complies with California Civil Code § 1793.22 and 15 U.S.C. § 2310 and the rules and regulations promulgated by the FTC.

## FOURTH CAUSE OF ACTION

24) Answering paragraph 24, Nissan North America, Inc. repeats and incorporates by reference paragraphs 4 through 6 above.

25) Answering paragraph 25, Nissan North America, Inc. admits that it did not offer to replace this vehicle or make restitution to Plaintiff, but denies it was obligated to do so. Nissan North America, Inc. denies the remaining allegations contained in this paragraph.

26) Answering paragraph 26, Nissan North America, Inc. denies the allegations contained in this paragraph.

27) Answering paragraph 27, Nissan North America, Inc. admits that the provisions of California Civil Code § 1793.2(d) existed at the time Nissan North America, Inc. gave the express warranty and that those provisions were incorporated into the warranty by operation of law. Nissan North America, Inc. denies the remaining allegations in this paragraph.

28) Answering paragraph 28, Nissan North America, Inc. denies the allegations contained in this paragraph.

29) Answering paragraph 29, Nissan North America, Inc. denies the allegations contained in this paragraph, as it maintains a qualified third party dispute resolution process. Further, Nissan North America, Inc. contends that this process complies with California Civil Code § 1793.22 and 15 U.S.C. § 2310 and the rules and regulations promulgated by the FTC. Defendant further denies that it failed to comply with its obligations within a reasonable time and that Plaintiff is entitled to a civil penalty.

///

30) Answering paragraph 30, Nissan North America, Inc. makes no response since the paragraph contains no charging allegations and simply states that Plaintiff is seeking civil penalties. Nissan North America, Inc. notes, however, that the California Civil Code does not contain any provision to cumulate damages, as there is no § 1794(f).

31) Answering paragraph 31, Nissan North America, Inc. denies the allegations contained in this paragraph, as it maintains a qualified third party dispute resolution process. Further, Nissan North America, Inc. contends that this process complies with California Civil Code §1793.22 and 15 U.S.C. § 2310 and the rules and regulations promulgated by the FTC.

## FIFTH CAUSE OF ACTION

32) Answering paragraph 32, Nissan North America, Inc. repeats and incorporates by reference paragraphs 4 through 6 and paragraph 10 above.

33) Answering paragraph 33, Nissan North America, Inc. denies the allegations contained in this paragraph.

34) Answering paragraph 34, Nissan North America, Inc. denies it failed to comply with its obligations and further denies that Plaintiff has been damaged.

35) Answering paragraph 35, Nissan North America, Inc. admits that the provisions of California Civil Code § 1793.2(d) existed at the time Nissan North America, Inc. gave the express warranty and that those provisions were incorporated into the warranty by operation of law. Nissan North America, Inc. denies the remaining allegations in this paragraph.

36) Answering paragraph 36, Nissan North America, Inc. denies the allegations contained in this paragraph.

///

37) Answering paragraph 37, Nissan North America, Inc. denies the allegations contained in this paragraph, as it maintains a qualified third party dispute resolution process. Further, Nissan North America, Inc. contends that this process complies with California Civil Code §1793.22 and 15 U.S.C. § 2310 and the rules and regulations promulgated by the FTC.

### SIXTH CAUSE OF ACTION

38) Answering paragraph 38, Nissan North America, Inc. makes no response as this paragraph simply incorporates preceding paragraphs, a number of which were not set forth in the Complaint.

39) Answering paragraph 39, Nissan North America, Inc. denies the allegations contained in this paragraph.

40) Answering paragraph 40, Nissan North America, Inc. denies the allegations contained in this paragraph.

41) Answering paragraph 41, Nissan North America, Inc. denies that there has been a conversion and further denies that Plaintiff has been damaged.

42) Answering paragraph 42, Nissan North America, Inc. denies the allegations contained in this paragraph.

43) Nissan North America, Inc. further answers the Complaint on file herein and each and every purported cause of action contained therein by denying that Plaintiff has sustained, or will sustain, any damages in any sum at all by reason of the carelessness, negligence or other fault, act or omission on the part of this answering defendant, its agents, servants or employees.

///
///
///

## AFFIRMATIVE DEFENSES TO THE COMPLAINT
## AND EACH ALLEGED CAUSE OF ACTION THEREOF
### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Facts)

44)   Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Nissan North America, Inc.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

45)   Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff is barred from bringing this action by the statute of limitations contained in California Code of Civil Procedure §§ 337, 338, 339 and 340 and California Commercial Code § 2725.

### THIRD AFFIRMATIVE DEFENSE
### (Misuse, Abuse, Unauthorized or Unreasonable Use)

46)   Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff and/or others misused or abused this vehicle, or engaged in unauthorized or unreasonable use of this vehicle, contrary to Nissan North America, Inc.'s approval or consent and Plaintiff's damages, if any, were proximately caused by such abuse and neglect of the vehicle.

### FOURTH AFFIRMATIVE DEFENSE
### (No Defect - Warranty Exclusion)

47)   Nissan North America, Inc. is informed and believes, and on that basis alleges, that the damages asserted in Plaintiff's Complaint were not the result of any defect in material or workmanship in any vehicle distributed by Nissan North America, Inc., or that its use, safety or value was impaired.  Specifically, Nissan North America, Inc. alleges that after

/ / /

appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Maintenance)

48) Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff is precluded from recovery by reason of Plaintiff's failure to maintain and service this vehicle in conformance with the requirements and recommendations of the owner's manual and/or warranty booklet.

### SIXTH AFFIRMATIVE DEFENSE
### (Terms of Limited Warranty)

49) Nissan North America, Inc. is informed and believes, and on that basis alleges, that by the terms of the limited warranty for this vehicle, Nissan North America, Inc. is not liable for incidental or consequential damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Third Party Dispute Resolution Process)

50) Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff and/or owner of this vehicle received timely notice of the availability of a third party dispute resolution process, and that no effort was made to use such process.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Civil Penalty)

51) Nissan North America, Inc. is informed and believes, and on that basis alleges, that it possesses a qualified third party dispute resolution process, thereby barring Plaintiff from any civil penalty in this lawsuit.

///

## NINTH AFFIRMATIVE DEFENSE
### (No Written Notice)

52)  Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff is barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant to California Civil Code § 1794(e)(3).

## TENTH AFFIRMATIVE DEFENSE
### (Fit for Intended Purpose)

53)  Nissan North America, Inc. is informed and believes, and on that basis alleges, that this vehicle remained fit for its intended purpose of providing transportation.  Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Representation Beyond Express Warranty)

54)  Nissan North America, Inc. is informed and believes, and on that basis alleges, that it did not represent to Plaintiff that this vehicle had characteristics and benefits it did not have and/or that its express warranty conferred or involved remedies or obligations it did not have.

## TWELFTH AFFIRMATIVE DEFENSE
### (Requisite Repair Attempts)

55)  Nissan North America, Inc. is informed and believes, and on that basis alleges, that this vehicle has not been out of service the requisite number of days or subject to repair for the same nonconformity the requisite number of times by Nissan North America, Inc. within eighteen months from delivery to Plaintiff or the accrual of 18,000 miles on the odometer.

///
///

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

56) Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff has made no effort to attempt to mitigate any damages or protect the value of this vehicle, and as such, any damages awarded to Plaintiff would be reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Opportunity to Cure)

57) Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff has failed to provide reasonable opportunity to cure any alleged defect as required by 15 U.S.C. § 2310(e).

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Magnuson-Moss Violation)

58) Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff has not utilized Nissan North America, Inc.'s qualified third party dispute resolution program as required in order to assert a cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2031 et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Improperly Pled/Not Recoverable)

59) Nissan North America, Inc. is informed and believes, and on that basis alleges, that Plaintiff has not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiff's Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

60) Nissan North America, Inc. is informed and believes and on that basis alleges, that any award of exemplary or punitive damages would

violate Nissan North America, Inc.'s due process rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Article One, Section Seven of the Constitution of the State of California, and would be improper under the common law and public policies of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Punitive Damages Violation of Commerce Clause)**

61) Nissan North America, Inc. is informed and believes, and on that basis alleges, that the Commerce Clause of the United States Constitution (U.S. Const. Art. I, Section 8, Clause 3) precludes the application of a state statute to commerce that takes place wholly outside of a state's borders, whether or not the commerce has effects within the state, and protects against inconsistent verdicts and legislation arising from the projection of one state regulatory scheme into the jurisdiction of another state.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Improper Venue)**

62) Nissan North America, Inc. is informed and believes, and on that basis alleges that Plaintiff's Complaint is improperly venued and the action should have been brought in a different venue for the convenience of witnesses and the ends of justice.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Additional Affirmative Defenses)**

63) Nissan North America, Inc. alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. Nissan North America, Inc. reserves the right to assert affirmative defenses after the same shall have been ascertained.

///

WHEREFORE, Defendant Nissan North America, Inc. prays as follows:

1. For dismissal of Plaintiff's Complaint with prejudice;
2. For judgment in favor of Defendant Nissan North America, Inc. against Plaintiff;
3. For the costs of suit herein; and,
4. For such other and further relief as the Court may deem just and proper.

DATED: July 28, 2008

BOWMAN AND BROOKE LLP

By: /s/ Gregory P. Gilmer
Gregory P. Gilmer
H. Franklin Hostetler, III
Carmen L. Ponce
Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

## JURY DEMAND

Nissan North America, Inc. hereby demands a jury trial.

DATED: July 28, 2008

BOWMAN AND BROOKE LLP

By: _____
Gregory P. Gilmer
H. Franklin Hostetler, III
Carmen L. Ponce
Attorneys for Defendant
NISSAN NORTH AMERICA, INC.